**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4178**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SANDY ALEXANDER MICKENS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.   G. Ross Anderson, Jr., District Judge.  (CR-03-529)

———————

Submitted:  October 1, 2004          Decided:  November 2, 2004

———————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Hervery B. O. Young, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sandy Alexander Mickens seeks to appeal his conviction and 120-month sentence imposed following his guilty plea to possession with the intent to distribute more than fifty grams of crack cocaine.  See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (2000).

Mickens' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal, but suggesting the district court may have failed to comply with Fed. R. Crim. P. 11 in accepting Mickens' guilty plea.  Although advised of his right to file a pro se supplemental brief, Mickens declined to do so.

Because Mickens did not move in the district court to withdraw his guilty plea, however, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir.) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"), cert. denied, 537 U.S. 899 (2002). Before a reviewing court may correct a trial error to which there was no contemporaneous objection, three factors must be shown:  (1) there was error, (2) the error was plain, and (3) the error affected substantial rights.  See United States v. Olano, 507 U.S. 725, 732 (1993).  If these three factors are satisfied, an appellate court should exercise its discretion to correct the error when the error "'seriously affect[s] the fairness, integrity or

public reputation of judicial proceedings.'" Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

We have reviewed the record and conclude that the district court fully complied with Rule 11, with one exception. It appears the court failed to apprise Mickens of the Government's right to use his statements made under oath in a prosecution for perjury or false statement. See Fed. R. Crim. P. 11(b)(1)(A). However, after a full review of the record, we conclude that this omission did not "'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" Olano at 736.

In accordance with the requirements of Anders, we have reviewed the entire record in this case, including the transcripts, and have found no meritorious issues for appeal. Accordingly, we affirm Mickens' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED